IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| WAYNE C. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4121-CV-C-SOW |
| | ) | |
| PETTIS COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Wayne C. Johnson, while confined in the Pettis County Jail, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff was shot in the abdomen when he was apprehended by the police, and was promptly taken to the hospital for treatment. He apparently was shot twice, which caused significant soft tissue injuries and a fracture of his pelvis. He was hospitalized two nights at the University of Missouri Health Sciences Center, was discharged January 11, 2006, to the custody of Pettis County Sheriff's Department; and was taken to Pettis County Jail. The gunshot injuries were serious. One entered just above his penis and exited out his right buttocks and required extensive surgery. The soft tissue injuries were repaired; plaintiff was treated with Schedule II pain medications, Percocet and Morphine; and he was scheduled for return to the hospital to treat his fractured pelvis at a later date. Upon being returned to Pettis County Jail, plaintiff's pain was treated with 600 mg. Ibuprofen, two times per day for ten days, and 500 mg. Tylenol, two times per day for ten days. He was not returned to the hospital for treatment of the fractured pelvis. An affidavit attached to plaintiff's response to summary judgment, signed by Dr. Durwood Neal, M.D., indicates that Ibuprofen and Tylenol would not be adequate or appropriate medications to control plaintiff's pain.

A rational jury could find, based on the evidence, that the provision of Ibuprofen and Tylenol, even if prescription-strength, indicates deliberate indifference to plaintiff's obvious severe pain. Given the affidavit of Dr. Neal that this medication would be insufficient, and common sense which tells us that no one would think it adequate to provide that type of pain medication in light of complaints of serious pain from the very serious injuries suffered by plaintiff. This is more than a mere difference of opinion about what medication should have been provided. Defendants clearly knew of the seriousness of plaintiff's medical problems, and a jury could easily infer from the evidence available that the prescription of Tylenol and Ibuprofen constituted an indifference to plaintiff's suffering.

The fact that plaintiff was scheduled for a return visit to repair his fractured pelvis, as set forth in the affidavit of Dr. Neal, indicates that medical care was needed and appropriate, and one could not seriously argue that a fractured pelvis is not a serious medical problem. Therefore, failure to treat or otherwise deal with plaintiff's fractured pelvis is again evidence from which a jury could find deliberate indifference to plaintiff's serious medial needs.

Plaintiff has ample evidence that other medical treatment and medication was appropriate and that, at the least, he suffered substantial pain as a result of not getting the medical care he needed. It is unclear to this court whether plaintiff has evidence that the failure to treat his hip worsened his condition; however, because the case is going forward in any event, it will go forward on that issue also.

As a pretrial detainee, plaintiff's claims are governed by the deliberate indifference standard. <u>Butler v. Fletcher</u>, 465 F.3d 340 (8th Cir. 2006); <u>Davis v. Hall</u>, 992 F.2d 151 (8th Cir. 1993).

Defendants' claim that this suit is barred by qualified immunity is also without merit. It has long been the law of this circuit, clearly predating the facts here, that deliberate indifference to a serious medical need of a pretrial detainee is actionable. There is no question in this case that plaintiff had a serious medical need; the only question is whether defendants were, in fact, deliberately indifferent to that need or whether their failure to provide the proper treatment was the result of negligence. That is not a proper subject for summary judgment, but should be left to the jury to decide.

IT IS, THEREFORE, RECOMMENDED that defendants' motion for summary judgment be denied. [33]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 28th day of January, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge