**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| WAYNE C. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4121-CV-C-SOW |
| | ) | |
| PETTIS COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On January 28, 2008, United States Magistrate Judge William A. Knox recommended that defendants' joint motion for summary judgment be denied. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record[1], including the exceptions filed by defendant Advanced Correctional Healthcare (ACH) on February 25, 2008.

An argument was held on defendant's exceptions on February 28, 2008. All parties participated by telephone.

In his response to defendant's exceptions, plaintiff states that in discovery (1) defendant ACH stated that "[p]olicies and procedures are particularized for each institution and are available directly from the county," and (2) defendant Pettis County stated that "[t]he responsible physician establishes the policies regarding all prescription medications administered or delivered in that facility." It is plaintiff's position that Dr. Ahmed, the physician responsible for medical care at the Pettis County Jail, established the policy concerning medical care for both ACH and Pettis County. Based on evidence of Dr. Ahmed's policy authority, defendant ACH's exceptions are overruled.

---

[1]Court proceedings, if any, are recorded by electronic recording equipment and the tapes are available for review by the court and counsel.

Defendants Bond, Hargrave and the Pettis County Jail argued that the report and recommendation was wrong with respect to their motion for summary judgment, although they did not file exceptions.

This court notes, sua sponte, that Pettis County Jail is likely not the proper party to be named in this case. It is more likely Pettis County should be named. Therefore, defendants are to show cause within twenty days why Pettis County should not be substituted for Pettis County Jail.

Plaintiff's injury to his pelvis area was clearly serious, and his treating physicians at University Hospital had prescribed narcotic pain medication for him and ordered him returned for further treatment. Neither the narcotic pain medication nor the future treatment of the fractured pelvis were provided. Plaintiff alleges that he complained regularly about the inadequate pain medication and the need for future treatment.

Viewing the facts in the light most favorable to plaintiff, a jury could find that defendants Sam Hargrave and Kevin Bond were aware of the inadequate treatment and failed to take appropriate action. Furthermore, since defendant Hargrave is the elected sheriff of Pettis County, he is the policymaker for the county and the county is responsible for his decisions in operating the jail. Moreover, in light of the discovery answers indicating the doctor makes policy concerning medication at the jail, the doctor's actions may establish the policies for the jail. These are issues which must be decided by a jury.

The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of January 28, 2008, is adopted. [53] It is further

ORDERED that defendants' motion for summary judgment is denied. [33] It is further

ORDERED that within twenty days, defendants show cause why Pettis County should not be substituted for Pettis County Jail. It is further

ORDERED that the parties are to contact the Honorable William A. Knox for a settlement conference.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: March 19, 2008

3