# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| WAYNE C. JOHNSON, | ) |
| Plaintiff, | ) |
| vs. | ) |
| PETTIS COUNTY, KEVIN BOND, ADVANCED CORRECTIONAL HEALTHCARE, SAM HARGRAVE, FAISAL AHMED | ) Case No. 06-4121-CV-C-SOW |
| Defendants. | ) |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Wayne C. Johnson, for his claims against Defendants Pettis County, Kevin Bond, Advanced Correctional Healthcare, Sam Hargrave, and Faisal Ahmed, alleges as follows:

## PARTIES

1. Plaintiff Wayne C. Johnson is a citizen of Missouri who currently resides at Jefferson City Corrections Center, 8200 No More Victims Road, Jefferson City, Missouri 65101.

2. Defendant Pettis County is a municipal corporation organized under the laws of the state of Missouri. During all times relevant to this action, acting through its Sherriff's Office, Pettis County maintained and operated the Pettis County Jail ("Jail").

3. Defendant Kevin Bond is a citizen of Missouri, and at all times relevant to this action was the Sheriff of Pettis County.

4. Defendant Sam Hargrave is a citizen of Missouri, and at all times relevant to this action was the Jail Administrator of Pettis County Jail.

5. Defendant Advanced Correctional Healthcare ("ACH") is an Illinois corporation with its principal place of business in Illinois. At all times relevant to this action, ACH provided healthcare services to inmates at Pettis County Jail pursuant to an agreement between ACH and Pettis County.

6. Defendant Faisal Ahmed is Missouri citizen, and at all times relevant to this action was employed as an ACH physician of Pettis County Jail.

## JURISDICTION AND VENUE

7. Plaintiff has brought claims for the violation of his constitutional rights as provided by 42 U.S.C. § 1983. Consequently, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

8. Pursuant to 28 U.S.C. § 1391, venue of this action properly lies in the United States District Court for the Western District of Missouri.

9. An actual and justiciable controversy exists between Plaintiff and Defendants for which this Court has jurisdiction to enter a declaratory judgment action pursuant to 28 U.S.C. § 2201.

## ALLEGATIONS COMMON TO ALL COUNTS

10. On January 9, 2006, law enforcement officers shot Plaintiff in the groin.

11. The bullet entered at the base of Plaintiff's penis, fractured his pelvis, and exited out of his right buttock.

12. Following the shooting, law enforcement officers transported Plaintiff to the University of Missouri Health Sciences Center in Columbia ("University Hospital").

13. During his stay at University Hospital, Plaintiff was treated for his injuries by medical personnel, including urologic and orthopedic specialists (collectively "Hospital Personnel").

14. Hospital Personnel conducted numerous tests on Plaintiff to determine the nature and extent of his injuries.

15. This testing included x-rays, which revealed a fracture to Plaintiff's pelvis.

16. Hospital Personnel administered Percocet and morphine – prescription pain medications – to Plaintiff to control his pain.

17. On January 11, 2006, Plaintiff was discharged from University Hospital and released to the custody of the Pettis County Sheriff's Department.

18. Upon release, Hospital Personnel provided Plaintiff and his transporting officer with discharge instructions.

19. As part of these instructions, Hospital Personnel ordered that Plaintiff return to University Hospital for follow-up medical appointments.

20. These appointments were scheduled for February 2, 2006 with Dr. Neal – a urologist – and Dr. Rogers – a general surgeon.

21. The purpose of these appointments was to monitor Plaintiff's progress and to further treat his injuries, including his penis and fractured pelvis.

22. After Plaintiff was discharged, law enforcement officials transported Plaintiff from University Hospital to Pettis County Jail, where Plaintiff remained during all times relevant to this action.

23. Plaintiff did not receive any pain medication when he arrived at the Jail.

3003085v2

24. On January 12, 2006, Plaintiff met with Becky McGinnis, a nurse at the Jail, and informed her that he was in severe pain. Plaintiff requested pain medication.

25. Ms. McGinnis notified Defendant Ahmed of Plaintiff's condition.

26. In response, Defendant Ahmed "prescribed" non-prescription doses of ibuprofen and Tylenol to Plaintiff.

27. This pain medication was insufficient to treat Plaintiff's pain.

28. Plaintiff notified Defendant Ahmed, Becky McGinnis, and other Jail officials that the pain medication was insufficient to treat his pain.

29. Plaintiff requested stronger pain medication. Specifically, Plaintiff requested the morphine and Percocet that he received at University Hospital.

30. Despite his injuries and repeated requests, Plaintiff never received any pain medication other than the non-prescription doses of ibuprofen and Tylenol.

31. During his stay at the Jail, Plaintiff was never provided with Percocet, morphine, or any other prescription pain medication.

32. Defendants policies, procedures, or customs prohibit Pettis County Jail inmates from receiving Schedule II pain medication, such as Percocet or morphine, while at Pettis County Jail.

33. A few weeks after Plaintiff arrived at the Jail, Defendant Ahmed stopped providing Plaintiff with pain medication.

34. Consequently, Plaintiff had to purchase pain medication at the Jail Commissary.

3003085v2

35. Pursuant to the Jail's policies and procedures, the Commissary limited the amount of pain medicine that Plaintiff could purchase. This amount was less than the amount Dr. Ahmed previously provided Plaintiff.

36. Despite University Hospital's discharge instructions, Plaintiff was not permitted to attend his follow-up appointments at University Hospital.

37. Plaintiff frequently requested to be taken to University Hospital for follow-up treatment.

38. Plaintiff has never been allowed to return to University Hospital to receive follow-up treatment.

39. Consequently, Plaintiff has not received follow-up treatment by a urologist, orthopedist, or general surgeon for his injuries.

40. Defendant Ahmed is the only physician that Plaintiff has been allowed to visit following his arrival at the Jail.

41. Defendant Ahmed is not a urologist, orthopedist, or general surgeon.

42. Plaintiff's pelvis has not healed properly because Defendants denied Plaintiff proper medical treatment.

43. Plaintiff is now permanently disabled and walks with a limp.

44. Plaintiff's penis has not properly healed because Defendants denied Plaintiff proper medical treatment.

45. Plaintiff now has trouble urinating, experiences pain and numbness in his groin, and is unable to obtain an erection.

## COUNT I – VIOLATION OF 42 U.S.C. 1983 (All Defendants)

46. Plaintiff hereby incorporates by reference allegations of Paragraphs 1 through 45 above as if set forth fully herein.

47. During the entire time Plaintiff was at the Jail, Plaintiff had a serious medical need in that he required medical care to repair his fractured pelvis and severely injured penis. In addition, Plaintiff was in excruciating pain as a result of his injuries and needed prescription pain medication to control his pain.

48. Defendants knew of Plaintiff's serious medical needs as Plaintiff frequently informed Defendant Ahmed, Becky McGinnis, and other Jail personnel of his condition.

49. With deliberate indifference, Defendants disregarded the excessive and substantial risks to Plaintiff's health, failed to provide Plaintiff with proper medical treatment, and actively prevented Plaintiff from obtaining proper medical treatment.

50. As a direct and proximate result of Defendants' actions, Plaintiff suffered the injuries described herein. Plaintiff is now permanently disabled and walks with a limp. Plaintiff has trouble urinating, experiences pain and numbness in his groin, and is unable to obtain an erection. In addition, Defendants' actions have caused Plaintiff unnecessary and severe pain and suffering.

51. The policies, procedures, and customs of Pettis County and ACH prevented Plaintiff from receiving proper medical care.

52. Defendants acted under color of federal law.

53. Defendants' actions violated Plaintiff's rights guaranteed under the Eighth and/or Fourteenth Amendments of the United States Constitution. Defendants are liable for their violations pursuant to 42 U.S.C. § 1983.

54. Defendants acted maliciously, wantonly, and with a callous or reckless disregard of Plaintiff's constitutional rights. Plaintiff is therefore entitled to an award of punitive damages.

55. Pursuant to 42 U.S.C. § 1988, Defendants are liable for Plaintiff's reasonable attorneys' fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff prays for judgment on Count I for actual damages; for punitive damages sufficient and necessary to punish Defendants and to deter others from like conduct; for attorneys' fees, costs and disbursements as allowed for under 42 U.S.C. § 1988; and for such other and further relief as the Court deems just and equitable.

## COUNT II – DECLARATORY JUDGMENT

56. Plaintiff hereby incorporates by reference allegations of Paragraphs 1 through 55 above as if set forth fully herein.

57. An actual, justiciable controversy exists between Plaintiff and Defendants concerning the constitutionality of Defendants' policies, procedures, or customs, which prohibit inmates, including Plaintiff, from receiving Schedule II pain medication while at Pettis County Jail.

58. Plaintiff seeks a declaratory judgment from the Court that Defendants' policies, procedures, or customs that prohibit inmates from obtaining Schedule II pain medication is unconstitutional under the Eighth and/or Fourteenth Amendments of the United States Constitution.

WHEREFORE, for these reasons, Plaintiff respectfully requests the Court grant the declaratory relief sought in Count II of this Complaint.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues and claims so triable.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/ Jason E. Pepe
Jason E. Pepe, #52656
R. Kent Warren, #59567

2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone: 816.474.6550
Facsimile: 816.421.5547

ATTORNEYS FOR PLAINTIFF
WAYNE C. JOHNSON

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2008, I electronically filed the foregoing with the clerk of the court by using the CMF/ECF system, which will send a notice of electronic filing to the following:

Michael G. Berry
Jason L. Call

/s/ Jason E. Pepe
ATTORNEYS FOR PLAINTIFF
WAYNE C. JOHNSON

- 8 -
3003085v2